THOMAS v. WITTMAN.

(Supreme Court, Appellate Term. March 24, 1899.)

APPEAL.—REVIEW.
> A judgment, depending on a question of fact, the evidence as to which was the testimony of the parties, directly in conflict, and exhibits to corroborate the parties, from which inferences might reasonably be drawn to support the testimony of either, will not be disturbed.

Appeal from municipal court, borough of Manhattan, First district.

Action by Oscar B. Thomas against Casper Wittman. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

O. B. Thomas, in pro. per.
Charles W. Zaring, for respondent.

FREEDMAN, P. J. This action was brought to recover certain sums of money deposited by the plaintiff with the defendant, which were used as margins in the purchase of stocks and grain; and the only question in the case is whether the plaintiff was informed at the time he placed the money with defendant that the defendant was a member of the stock exchanges of this city, and purchased stocks and grain in his own name, or whether he transacted business through the firm of E. D. Fox & Co., who subsequently failed, and through whose failure the margins were lost. The only direct testimony given upon the questions was that of the plaintiff and the defendant, respectively, and their testimony was directly and emphatically in conflict. Two other witnesses were sworn, neither of whose testimony had any direct bearing upon the question at issue. Several exhibits were also introduced for the purpose of corroborating the respective parties, but the most that can be said of their value as evidence is that the court might reasonably have drawn inferences from them in support of the testimony of either party. The case comes within the well-known and oft-repeated rule laid down by appellate courts, that a judgment of an inferior court will not be disturbed, upon a question of fact upon which testimony has been given upon both sides, unless it appears that there has been bias, prejudice, or partiality, or that it is clearly against the weight of evidence. Nothing of that kind appearing in this case, the judgment must be affirmed, with costs.

Judgment affirmed, with costs. All concur.